IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAMERON CAMPBELL, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 3:23-cv-01060 |
| | ) JUDGE CAMPBELL |
| MIBELLE USA LLC, ET AL., | ) MAGISTRATE JUDGE |
| | ) FRENSLEY |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Plaintiffs Cameron Campbell ("Campbell") and KCZM Holdings, LLC's ("KCZM" and collectively, "Plaintiffs") Motion for Partial Judgment on the Pleadings. (Doc. No. 39). Defendants Mibelle USA LLC ("Mibelle"), Marque of Brands America, LLC d/b/a Marq Labs, Inc. ("Marque"), and Mibelle AG filed a response in opposition (Doc. No. 41), and Plaintiffs filed a reply (Doc. No. 42). For the reasons discussed below, Plaintiffs' motion is **DENIED**.

### I. FACTUAL BACKGROUND

This case arises from a business dispute, the details of which are set forth in the First Amended Complaint and the Answer filed by Defendants Mibelle and Marque. (Doc. Nos. 28, 33).

To summarize, Campbell founded Marq Labs, Inc. (the "Company") in 2013 "for the purpose of developing, manufacturing, and distributing innovative beauty and cosmetic products around the world." (Doc. No. 28 ¶ 15). Plaintiffs allege that in December 2021, Defendants acquired a 65% interest in the Company and Campbell retained a 35% interest. (*Id.* ¶ 17). Plaintiffs contend that after Defendants acquired its majority interest in the Company, disputes arose amongst the parties related to operation and management. (*Id.* ¶ 32). Plaintiffs allege that in June 2023, the parties executed a written Settlement, Stock Purchase and Transition Agreement ("SPPT Agreement") requiring Defendants to pay Plaintiffs $52,000,000, consisting of two settlement

payments of $48,000,000 and a real estate purchase of $4,000,000, in exchange for Campbell's remaining shares. (Doc. No. 28 ¶ 1). Plaintiffs also allege that Marque is the Company's wholly-owned subsidiary and maintains its operations at a facility in Alexandria, Tennessee (the "Alexandria Facility"), and at the time the parties executed the SPPT Agreement, Marque leased the Alexandria Facility from Plaintiff KCZM. (*Id.* ¶ 18). Plaintiffs allege that Campbell transferred his remaining shares to Mibelle and that Mibelle made the initial $30,000,000 payment to Campbell and an additional payment in the amount of $14,125,000, but that Mibelle failed to pay the remaining $3,875,000 and failed to close the purchase of the Alexandria Facility or pay the $4,000,000 for the purchase of the Alexandria Facility. (*Id.* ¶¶ 1, 38-44, 47-48). Plaintiffs bring claims against Defendants for breach of the SPPT Agreement, breach of representations and warranties, indemnification, and breach of the lease agreement between Marque and KCZM.

Defendants filed an Answer and Counterclaim against Plaintiffs. (Doc. No. 33). Defendants contend that following the execution of the SPPT Agreement, Mibelle requested a zoning verification letter from the Town of Alexandria and that it responded that there were non-compliance issues with the Alexandria Facility that needed to be addressed. (Doc. No. 33, Counterclaim ¶ 16). Defendants contend that agents for Marque had been in contact with the Town of Alexandria since before and through the execution date of the SPPT Agreement about ongoing issues with the Alexandria Facility failing to comply with local zoning ordinances and codes regulations, including zoning setback violations and failure to install a sprinkler system as required by the fire codes. (*Id.* ¶ 17). Defendants contend that the Town of Alexandria is requiring Marque and/or KCZM to purchase a portion of land owned by the Town of Alexandria adjacent to the Alexandria Facility to resolve the setback violation, in addition to other actions to bring the facility into compliance with the zoning ordinances. (*Id.* ¶¶ 18-20). Defendants estimate that the total expenses required to bring the facility into compliance could exceed $1.3 million. (*Id.* ¶ 22). Defendants argue that Plaintiffs made representations and warranties with respect to the Company

2

Case 3:23-cv-01060   Document 47   Filed 10/18/24   Page 2 of 5 PageID #: 537

and the Alexandria Facility regarding pending or threatened legal proceedings that proved to be false. (*Id.* ¶¶ 25-28). Defendants also contend that the purported zoning ordinance and fire code violations constitute claims and demands that would prohibit the sale of the Alexandria Facility free and clear of encumbrances and constitute "Transfer Restrictions" pursuant to the SPPT Agreement. (*Id.* ¶¶ 29-30). Defendants bring counterclaims against Plaintiffs for breach of representations and warranties, indemnification, and breach of contract. Defendants also seek a declaratory judgment against Plaintiffs that Mibelle is not obligated to purchase the Alexandria Facility because Plaintiffs were the first to breach the SPPT Agreement. (*Id.* ¶ 98). Plaintiffs subsequently moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) on Counts I and II of the First Amended Complaint. (Doc. No. 39).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "Judgment on the pleadings is proper 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both

the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "But the Court also may consider ... documents referenced in the pleadings that are 'integral to the claims,' [and] documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 589 (E.D. Mich. 2018) (internal citation omitted).

### III. ANALYSIS

**A.  Count II**

Plaintiffs first argue that the pleadings establish that they are entitled to judgment in their favor as to Count II because all the elements for breach of contract are conceded. Specifically, Plaintiffs cite the First Amended Complaint and Answer as to the first element – existence of an enforceable contract. (Doc. No. 40 at PageID # 475). Plaintiffs cite to the SPPT Agreement to establish the second element – non-performance by Defendants. (*Id.* at PageID # 475 – 476). Plaintiffs then cite this Court's June 4, 2024, Order in further support of their argument that non-performance has been established. Far from establishing non-performance by Defendants as to Count II, that Order applied the standard under Fed. R. Civ. P. 67 concerning depositing and merely held that "Mibelle has failed to demonstrate that it is necessary or appropriate under Rule 67 to deposit funds that Mibelle does not dispute it owes, particularly as it appears Mibelle requests to do so to secure the funds prospectively *in the event of a future judgment against Plaintiffs*." (Doc. No. 38 at PageID 462-463) (emphasis added).

Reading Plaintiffs' First Amended Complaint and Defendants' Answer and Counterclaim in a light most favorable to Defendants, the Court cannot conclude that Plaintiffs are entitled to judgment on the pleadings. This is especially true because Plaintiffs and Defendants plead facts supporting claims against one another for breach of SPPT Agreement in Count II. Defendants also plead certain affirmative defenses against Count II.

4

B.  **Count I**

Plaintiffs also seek judgment in their favor as to liability for breach of contract set forth in Count I of the First Amended Complaint. Plaintiffs do so by relying on Defendants' obligation to close on the purchase of the Alexandria Facility and failure to do so as required by the SPPT Agreement. (Doc. No. 40 at PageID # 476 – 477).

As with Count II, a review of the pleadings, which include Defendants' Answer, Affirmative Defenses, and Counterclaims demonstrates that Plaintiffs are not entitled to judgment on the pleadings as to liability under Count I.

IV.  **CONCLUSION**

For the reasons stated above, Plaintiffs' motion for judgment on the pleadings (Doc. No. 39) will be **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE